**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 27, 2012

Lyle W. Cayce
Clerk

No. 11-30411
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RICHARD A. HIGGINS,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:10-CV-4268
USDC No. 2:09-CR-402-1

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

Richard A. Higgins, federal prisoner # 31322-034, appeals from the denial of his 28 U.S.C. § 2255 motion, in which he argued that trial counsel was ineffective for failing to file a notice of appeal when instructed to do so. The district court assumed that counsel had failed to file a notice of appeal, but found that Higgins could not demonstrate prejudice arising from this presumed failure, as Higgins had waived his right to appeal.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-30411

To demonstrate ineffective assistance of counsel based on a claim that counsel failed to file a notice of appeal, a defendant must show that counsel performed deficiently and that a reasonable probability exists that, but for counsel's deficient conduct, the defendant would have timely appealed. *Roe v. Flores-Ortega*, 528 U.S. 470, 476-77, 484, 486 (2000). Counsel's performance is deficient if counsel disregards his client's wishes concerning filing an appeal. *Id.* at 477-78. The defendant need not demonstrate that he would have been able to raise a meritorious issue on appeal. *Id.* at 483-86. Instead, if the petitioner demonstrates by a preponderance of the evidence that he ordered counsel to file an appeal, prejudice will be presumed, and the petitioner will be able to file an out-of-time appeal. *United States v. Tapp*, 491 F.3d 263, 266 (5th Cir. 2007). The defendant need only show "that there is a reasonable probability that, but for counsel's failure, he would have timely appealed." *Id.* at 265. "[T]he rule of *Flores-Ortega* applies even in cases where a defendant has waived his right to direct appeal and collateral review." *Id.* at 266.

The district court erred by basing the denial of § 2255 relief on Higgins's appeal waiver provision. *See id.* Additionally, Higgins alleged in his verified § 2255 motion that he directed counsel to file a notice of appeal and that counsel did not do so. The district court did not hold an evidentiary hearing, and the Government placed no evidence in the record indicating that Higgins did not direct counsel to file a notice of appeal. The record before this court is silent as to whether there was a reasonable probability that Higgins would have taken an appeal but for counsel's alleged failure to file a notice of appeal. *See Tapp,* 491 F.3d at 266.

If the evidence does not "conclusively show" whether the petitioner requested that counsel file an appeal, then the district court should hold an evidentiary hearing on the issue. *See id.* The evidence does not conclusively show whether Higgins directed counsel to file a notice of appeal. The district court thus should hold an evidentiary hearing on remand.

VACATED AND REMANDED.